UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BENJAMIN ROBERT FUHR | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-549-SDJ |
| | § | |
| CITY OF SHERMAN, TEXAS | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Sherman, Texas's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). (Dkt. #3). The motion includes a request for attorney's fees. Plaintiff Benjamin Robert Fuhr did not respond to the motion. The Court, having considered the motion and the applicable legal authorities, concludes that the motion to dismiss should be **GRANTED** and the request for attorney's fees should be **DENIED**.

### I. BACKGROUND

The City of Sherman formerly employed Fuhr as an animal control officer in the Animal Services Department. After working for the City of Sherman for fourteen years, Fuhr applied for a promotion to Director of Animal Services. Fuhr, who is white, did not receive the promotion. Instead, the City of Sherman selected an outside candidate, who is Black, for the position. The successful applicant allegedly had only two or three years of experience of paid work in animal control services.

After being passed over for the promotion, Fuhr filed a charge of discrimination with the Equal Employment Opportunity Commission. According to Fuhr, he filed his charge on or about November 5, 2019. Fuhr claims that after he filed his charge,

1

the City of Sherman harassed him and retaliated against him, including by subjecting him to "multiple internal complaints and investigations for the most trivial of offenses." (Dkt. #1 ¶ 12). The City of Sherman allegedly went on to deny Fuhr two other promotions. Ultimately, Fuhr contends that he was constructively discharged after a second investigation was launched against him.

Based on these allegations, Fuhr brought suit against the City of Sherman for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Chapter 21 of the Texas Labor Code, TEX. LAB. CODE ANN. § 201.001, *et seq.*, also known as the Texas Commission on Human Rights Act ("TCHRA"). The City of Sherman moved to dismiss Fuhr's TCHRA claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6) on the ground that Fuhr failed to timely exhaust his administrative remedies because he did not timely file a charge of discrimination. Fuhr did not respond to the motion to dismiss. Because Fuhr did not respond, the Court presumes that he "does not controvert the facts set out by [the City of Sherman] and has no evidence to offer in opposition to the motion." L.R. CV-7(d). But the Court does not grant the motion to dismiss solely based on Fuhr's failure to respond; rather, the Court will evaluate the merits of the City of Sherman's arguments. *See Webb v. Morella*, 457 F.App'x 448, 452 & n.4 (5th Cir. 2012) (per curiam).

## II. LEGAL STANDARD

As an initial matter, the Court must determine the legal standard that governs the instant motion to dismiss. The City of Sherman moves to dismiss based on Fuhr's failure to exhaust administrative remedies in compliance with the TCHRA, which

2

mandates that a plaintiff file a charge of discrimination "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE ANN. § 21.202(a). The City of Sherman argues that this requirement is jurisdictional, rendering dismissal under Rule 12(b)(1) appropriate. The Fifth Circuit has rejected this argument and held that the "180-day filing requirement is mandatory but not jurisdictional." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 554 (5th Cir. 2020). Therefore, the Court will consider the City of Sherman's motion to dismiss under Rule 12(b)(6).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court has instructed that plausibility means "more than a sheer possibility," but not necessarily a probability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When assessing a motion to dismiss under Rule 12(b)(6), the facts pleaded are entitled to a presumption of truth, but legal conclusions that lack factual support are not entitled to the same presumption. *Id.* To determine whether the plaintiff has pleaded enough to "nudge[] [his] claims . . . across the line from conceivable to plausible," a court draws on its own common sense and judicial experience. *Id.* at 679–80 (alteration in original) (quoting *Twombly*, 550 U.S. at 570). This threshold is surpassed when "the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A claim may also be dismissed pursuant to Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

### III. DISCUSSION

**A. Motion to Dismiss**

The charge Fuhr filed with the EEOC is central to the resolution of the City of Sherman's motion to dismiss. Although Fuhr did not file a copy of the charge with his complaint, the City of Sherman attached a copy to its motion. When deciding a motion to dismiss under Rule 12(b)(6), courts generally may not look beyond the four corners of the complaint. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999). But courts may consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Here, the Court may consider Fuhr's EEOC charge because it is incorporated by reference into Fuhr's complaint and is central to his claim. Fuhr references the charge several times throughout his complaint. (Dkt. #1 ¶¶ 11, 21, 31). And "an EEOC charge constitutes a document 'central to the plaintiff's claim,' thus permitting consideration of a charge attached to a motion to dismiss." *Warden v. James Hardie Bldg. Prods., Inc.*, No. 3:20-CV-3431-N, 2022 WL 48389, at *2 (N.D. Tex. Jan. 5, 2022) (collecting cases); *see also Carter v. Target Corp.*, 541 F.App'x 413, 417 (5th Cir. 2013)

4

(per curiam); *Bustos v. United Parcel Serv., Inc.*, No. H-19-2979, 2020 WL 2529384, at *3 (S.D. Tex. Apr. 29, 2020). The Court also may consider the charge because it is a matter of public record of which the Court may take judicial notice. *See Stewart v. Int'l Ass'n of Machinists & Aerospace Workers*, 16 F.Supp.3d 783, 797 n.45 (S.D. Tex. 2014) ("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion." (quotation omitted)).

Having considered Fuhr's complaint and charge, the Court finds that Fuhr has failed to state a claim under the TCHRA for discriminatory failure to promote because he did not timely file his charge of discrimination. "To state a claim under the TCHRA, a plaintiff must file a charge of discrimination with the EEOC or the [Texas Commission on Human Rights] within 180 days of the discriminatory act." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278–79 (5th Cir. 2004) (footnote omitted) (citing TEX. LAB. CODE ANN. § 21.202(a)). A charge filed more than 180 days after the date on which the allegedly unlawful employment action occurred is subject to dismissal as time barred. *See Adams v. DaimlerChrysler Servs. NA LLC*, 252 F.App'x 681, 683 (5th Cir. 2007) (per curiam).

Fuhr claims that he filed his EEOC charge on November 5, 2019. (Dkt. #1 ¶ 21). Fuhr signed the charge on November 5, but the EEOC did not stamp the charge as "received" until November 24, 2019. *See* (Dkt. #3-1 at 2). A charge is not deemed filed until it is received by the EEOC. *Kirkland v. Big Lots Store, Inc.*, 547 F.App'x 570, 573 (5th Cir. 2013) (per curiam); *see also Taylor v. Gen. Tel. Co. of the Sw.*,

759 F.2d 437, 440 (5th Cir. 1985); *Tex. Tech Univ. v. Finley*, 223 S.W.3d 510, 514–15 (Tex. App.—Amarillo 2006, no pet.). Accordingly, Fuhr filed his charge on November 24, 2019. *See Adams v. Cal-Ark Int'l, Inc.*, 159 F.Supp.2d 402, 407 (E.D. Tex. 2001) (concluding that EEOC charge was received by the EEOC on January 28, 2000, because that was the date on which the letter enclosing the charge was stamped "received"). Therefore, any TCHRA claim by Fuhr based on actions occurring before May 28, 2019 (180 days before filing) is time barred.

Fuhr's complaint contains no allegations regarding the date on which the City of Sherman denied him a promotion. However, in his charge, he contends that it took place on May 16, 2019. *See* (Dkt. #3-1 at 2). As noted above, Fuhr's charge was not filed until November 24, 2019—192 days after he was denied a promotion. Because the date of filing exceeds the 180-day deadline under the TCHRA, Fuhr's charge is untimely under that statute.

In his complaint, Fuhr also alleges that he was harassed, retaliated against, passed over for promotion two more times, and constructively discharged. (Dkt. #1 ¶ 12). However, in the section titled "Violations of Tex. Labor Code § 21.051 *et seq.*," Fuhr refers only to the initial promotion denial. (Dkt. #1 ¶¶ 23–29). Therefore, the Court finds that the complaint cannot be construed to state a claim for discrimination based on any of the later alleged adverse employment actions.

In limited circumstances, the filing deadline is subject to equitable doctrines such as tolling and estoppel. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The plaintiff has the burden of providing a

6

sufficient factual basis for tolling the filing deadline. *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992). Fuhr did not respond to the City of Sherman's motion to dismiss. Nor has he alleged facts that would warrant application of any equitable doctrine. Therefore, the Court concludes that equitable tolling does not save Fuhr's state-law discrimination claim.

### B. Request for Attorney's Fees

The City of Sherman requests that the Court award its reasonable attorney's fees as the prevailing party on Fuhr's TCHRA claim. With respect to TCHRA claims, "a prevailing defendant is entitled to recover attorney's fees only if it is shown that the plaintiff's claim is frivolous, unreasonable or without foundation." *Alvarez v. United Parcel Serv. Co.*, 398 F.Supp.2d 543, 554 (N.D. Tex. 2005). "But, even in the face of a finding of frivolity, the court retains discretion to deny a fee request in view of the circumstances of a particular case." *R.K.C.J., LLC v. Tex. Cap. Bank, N.A.*, No. 3:20-cv-533-K, 2020 WL 5552153, at *3 (N.D. Tex. Aug. 24, 2020).

Considering the circumstances of this case, the Court declines to award attorney's fees despite Fuhr's failure to exhaust administrative remedies. Fuhr did not disregard the TCHRA's administrative exhaustion requirement altogether. He completed a charge before the 180-day deadline, but the charge was not received by the EEOC until twelve days after the deadline. Fuhr only filed suit after receiving a Notice of Right to Sue from the EEOC. *See* (Dkt. #1 ¶ 21). Further, there is no evidence that the City of Sherman alerted Fuhr to its administrative exhaustion argument before filing a motion to dismiss. And once the motion was filed, Fuhr did not oppose it. *See Harris v. Hill*, No. 3:21-01280, 2021 WL 3236356, at *6 (W.D. La.

7

July 14, 2021) (declining to award attorney's fees where the plaintiff "ceased to prosecute the matter as soon as she was faced with irrefutable argument" regarding her failure to exhaust administrative remedies), *report and recommendation adopted*, No. 3:21-cv-01280, 2021 WL 3260057 (W.D. La. July 29, 2021). Under the circumstances of this case, the Court declines to exercise its discretion in favor of an award of attorney's fees.

### IV. CONCLUSION

For the foregoing reasons, Defendant City of Sherman, Texas's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), (Dkt. #3), is **GRANTED**. Fuhr's claim for race discrimination in violation of the Texas Labor Code is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The City of Sherman's request for attorney's fees is **DENIED**.

So ORDERED and SIGNED this 18th day of March, 2022.

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE